**People of the State of Illinois, Plaintiff-Appellee, v. Rhenette Cosby, Defendant-Appellant.**

**Gen. No. 53,657.**

First District, First Division.

December 19, 1969.

Philip Michael Basvic, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and L. Michael Getty, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

Defendant, Rhenette Cosby, was found guilty in a bench trial of unlawful use of weapons and fined $50, having been charged with the violation of the Illinois

Criminal Code of 1967, chapter 38, section 24-1(a)(4) which provides:

"(a) A person commits the offense of unlawful use of weapons when he knowingly: . . . . (4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm. . . ."

On appeal the defendant contends: (1) That he was not proven guilty beyond all reasonable doubt; (2) That he cannot be convicted of unlawful use of weapons when the weapon is not concealed and when it is found in defendant's fixed place of business; and (3) That the trial court committed prejudicial error when defendant was convicted of a crime for which he was not charged.

Defendant, a cab driver, was working for Hill Cab Company. The arresting officer observed the cab backing on Blackstone Street through an intersection at Marquette Rd., and stopped it at 6630 Blackstone Street in the City of Chicago. The driver had a valid driver's license and his Vehicle Identification Number was in order. The second officer, while looking in the front seat of the cab, saw something protruding from underneath a leather coat or jacket belonging to the defendant, which appeared to the officer to be the butt end of a gun. The officer testified that he observed about a 1/4" x 2 1/2" of the butt end of a gun. The defendant was then arrested and charged with unlawful use of weapons and failing to register a firearm within ten days of purchase.

At the trial defendant moved to suppress the evidence, which motion was denied. The trial court found defendant guilty of unlawful use of weapons and fined him $50, but dismissed the defendant as to failing to register the firearm.

■ Appellant contends that the weapon was not concealed. In support of this contention he cites People v.

170

Niemoth, 322 Ill 51, 152 NE 537 (1926), which is inapplicable. In Niemoth, the arresting officer noticed an automobile parked alongside the curb. Niemoth was sitting in the front seat behind the steering wheel. The guns were found on the floor of his car in back of the front seat. The court said:

> "The proof in this case does not show that the guns lying on the floor of the automobile were where the accused could have reached them without moving from his position in the front seat."

Defendant also relies on People v. Liss, 406 Ill 419, 94 NE2d 320 (1950). In Liss defendant drove through a red light. The arresting officer found a gun beneath the front seat of the car, at about the middle thereof, six inches under the seat. The distance between the floor board and the bottom of the seat was about three inches. The court in Liss said:

> "It is not sufficient to come under this statute that a defendant be in possession of a deadly weapon, but the weapon must be concealed and be readily available for use."

The court further said, at page 424:

> "We think a reasonable construction of this statute, as indicated in the Niemoth case, is that there must be concealment of the weapon, and it must be on or about the person; and it must be so placed that it may be used without appreciable change in the position of the owner. It requires no great wisdom to know it is impossible to reach a pistol under a front seat of a car without changing position at the wheel, and it is also necessary to bend forward to reach under the seat."

It might be noted herein that although the Liss case does not apply to the instant case, there was a strong dissent of two of the justices of the Illinois Supreme Court.

171

In People v. Gant, 84 Ill App2d 208, 228 NE2d 582 (1967) defendant was arrested while riding with another man in the back seat of a cab. One of the arresting officers heard a thud from inside the cab. This officer on cross-examination contradicted his earlier statement and testified that he did not recall if the gun was in the defendant's hand or whether he had only heard it drop to the floor. The defendant contended on appeal that there was no proof that he concealed a weapon "on or about his person." The court said:

> "That portion of the cross-examination of Officer Wright in the instant case, revealing that he was no longer sure that he saw the gun in the defendant's hand, but that he merely heard a thud as he approached the vehicle, does not constitute evidence that it was defendant who dropped the gun to the floor or that he attempted to conceal the weapon. The evidence is not adequate to prove guilt beyond a reasonable doubt, and the judgment of conviction must be reversed."

The factual situation in the instant case is similar to the case of People v. Accardi, 58 Ill App2d 364, 208 NE 2d 43 (1965). In this case the police officer, observing a parked car, pulled alongside and observed the defendant slumped over on the passenger side of the vehicle. The officer noticed a bulge in the defendant's left rear pocket and above the bulge, a black metallic object which appeared to be the butt of a revolver. A motion to suppress was denied and defendant was found guilty of unlawful use of a weapon in violation of the same provision of the Criminal Code as in the instant case (Ill Rev Stats, c 38, § 24–1(a) (4)). In this case the court said:

> "The gist of the crime under the statute is unlawful possession of a weapon. An offense was committed in the presence of the officer if he saw part

of the revolver and the resulting arrest, search and seizure would be justified."

The court further said:

"The trial court, being the trier of fact, was in a position to determine the credibility and weight to be accorded the officer's testimony. No other witnesses were called, and we cannot say that the court's judgment, in denying the motion to suppress, rested on doubtful, improbable or unsatisfactory evidence, or clearly insufficient evidence. The trial court accepted the officer's testimony that at the time here involved, he reasonably believed the object protruding from defendant's pocket was the butt of a revolver or pistol. Under the circumstances presented in the record we find no basis for substituting our judgment for that of the trial court."

■ Defendant's contention that the weapon was found in his fixed place of business is totally without merit. Defendant does not direct our attention to any decisions of the courts in support of his contention. In our opinion "fixed place of business" means exactly what it says—a place that is stationary or permanent.

Finally, defendant maintains that he was convicted of a crime for which he was not charged. The record shows the finding of the court as follows:

"The Court finds the defendant guilty in the manner and form as charged in the complaint herein."

For the above reasons, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.