The People of the State of New York, Respondent, *v.* Charles Francis, Appellant.

Second Department, July 22, 1974.

*Lawrence Hochheiser* for appellant.

*Nicholas Ferraro, District Attorney (Bruce E. Whitney* of counsel), for respondent.

Brennan, J. The defendant was indicted for possession of a weapon as a class D felony on the charge that he had possessed an operable revolver and a quantity of ammunition and that such possession was not in his home or place of business. On January 2, 1973 he was allowed to plead guilty to attempted possession of a weapon as a class E felony in satisfaction of the indictment. On February 20, 1973 he was sentenced to a six-month term and he was incarcerated until May 28, 1973 when he was released on bail with the consent of the District Attorney.

The principal question presented is whether the firearm here possessed was in the defendant's " place of business " within the exception set forth in subdivision 2 of section 265.05 of the

Penal Law.[1] Subsidiary questions presented are (1) whether the court's stated policy at the time of sentence to impose a term of incarceration in such cases was improper in the light of his previous statement, at the time of accepting the guilty plea, that he would make no commitment as to sentence prior to reading the probation report; and (2) whether the sentence imposed was excessive.

The facts are not in dispute. The defendant, an employee, was arrested on September 1, 1972 while on his job in the United States Post Office attached to the John F. Kennedy Airport. Special Police Officer Smart alleged that he had been informed that the defendant was carrying a gun. When the officer approached the defendant, he observed a bulge on his "left side and removed therefrom in holster a .38 cal. Smith and Wesson revolver". The officer arrested the defendant and, upon a search of his person, discovered five rounds of live ammunition which could be used to discharge this firearm. The defendant had no permit for the gun.

We hold that the "place of business" exception to the statute should not be extended to cover the situation here presented. However, in the light of the defendant's previous unblemished record, we believe the interest of justice warrants reducing the sentence to the time already served.

Disposing of the subsidiary questions at the outset, we do not think the trial court was under any legal obligation to conduct a "Serrano" inquiry. As indicated, it was undisputed that the defendant had possessed the .38 caliber revolver and ammunition concealed upon his person in his place of employment, a United States Post Office, and that he had no permit to carry the gun. Under these circumstances, there was nothing further for the trial court to inquire about. In accepting the guilty plea to attempted possession of a weapon as a felony the trial court concluded, and we believe correctly, that such locale was not a "place of business" within the statutory exception. Further, we deem the trial court's statement of "policy" at the time of sentence to be nothing more than an unhappy choice of language which had no compulsive effect upon his ultimate sentence.

---

1. This statute insofar as pertinent provides:

"Any person who has in his possession any firearm which is loaded with ammunition, or who has in his possession any firearm and, at the same time, has in his possession a quantity of ammunition which may be used to discharge such firearm is guilty of a class D felony. Such possession shall not, except as provided in subdivision three of this section [previous conviction], constitute a felony if such possession takes place in such person's home or place of business."

We recognize that three lower court decisions have held that a taxicab is a taxi driver's place of business within the purview of the statute (*People* v. *Santana,* 77 Misc 2d 414; *People* v. *Santiago,* 74 Misc 2d 10; *People* v. *Anderson,* 74 Misc 2d 415). However, this court has recently held to the contrary in *People* v. *Levine* (42 A D 2d 769). In *Levine,* the record on appeal discloses that the defendant was a licensed taxicab driver operating the licensed New York City taxicab of his employer. He became involved in an argument with another motorist and in the course of the embroilment displayed a .22 caliber pistol to the other motorist who turned out to be an off-duty patrolman. Levine was indicted for reckless endangerment in the first degree and possession of weapons and dangerous instruments and appliances as a felony. He pleaded guilty to attempted possession of weapons and dangerous instruments and appliances, as a felony, and was sentenced to an indeterminate term not to exceed four years. His main contention on appeal was that the trial court had erred as a matter of law when it held that a taxicab was not a place of business. In a memorandum decision this court modified the judgment to the extent of reducing the sentence to a five-year term of probation, but otherwise affirmed the judgment of conviction.

The Superior Court of New Jersey, Appellate Division, recently held in *State of New Jersey* v. *Valentine* (124 N. J. Super. 425) that a statutory exception permitting one to keep or carry about a firearm at his place of business or dwelling would not be extended to include the manager of a bar owned by another. In *Valentine,* the defendant was convicted of possession of a revolver — carrying a weapon on his person in a public place without a permit in violation of section 2A:151–41 of the New Jersey Statutes. There was testimony as to the defendant's employment status as manager of the bar and the nature of his duties, i.e., that as manager he was in complete charge of the business from 6 P.M. to 2 A.M. when the owner was not present. The court allowed that since a small businessman could defend his premises by armed force, he could delegate this power to one he had left in charge of the premises (cf. dictum in *State* v. *Bloom,* 11 N. J. Misc. 522). In upholding the conviction in *Valentine* (*supra,* p. 427) the Appellate Division stated: "However, the overriding philosophy of our Legislature is to limit the use of guns as much as possible. The bar was not defendant's business. He held no proprietary interest therein. By extending the statutory exception to include a manager, the door is opened to a multiplicity of situations where

the term manager might be invoked to sanction possession of a weapon otherwise proscribed by *N. J. S. A.* 2A:151–41. Moreover, there was not a scintilla of evidence produced that the revolver was acquired by Kozlow [owner] and in the possession of defendant in connection with the operation of the business. The motion for a judgment of acquittal was properly denied ''.

In another recent case the Supreme Court of Florida, in *Peoples* v. *State of Florida* (287 So. 2d 63 [Fla.]), reversed a judgment of conviction for carrying a concealed firearm. In *Peoples,* however, there was unrebutted testimony that the defendant was a resident and an employee of the business establishment [grocery store] in which he was arrested; and that he had been pursuing, on the property, two men whom he had caught attempting to commit a felony. Additionally, on cross-examination, the owner of the business was asked if the defendant was authorized to be a security man. The owner responded, '' ' I paid for the gun ' '' (p. 66). The opinion stated that the owner's testimony implied that the defendant had the authorization to protect the premises.

Generally speaking, we do not believe that the '' place of business '' exception in the statute should be extended to cover the situation here presented. The possessor of a firearm '' in such person's home or place of business '' is given the benefit of having the possession reduced from a felony to a misdemeanor for the apparent reason that the Legislature concluded the firearm was to be used at such locale in defense of the possessor's person and property.

It is clear that the defendant at bar was not delegated by his superiors to protect any property of the United States Government. The arresting Special Police Officer was available for security purposes. While not for a moment departing from our holding in *Levine* (42 A D 2d 769, *supra*), any attempt to analogize a taxicab with a United States Post Office must fail. In a taxicab the driver has at least exclusive appropriation and control. This is not so in the Post Office, where the employee (in the defendant's status) has no authority or delegation to carry a concealed weapon. The defendant's possession of the gun in the Post Office was not in any way in furtherance of any function or duty being performed by him for the postal service. Further, it appears from the sentence minutes that the defendant, at that time, did not justify why he carried the gun. There is, however, some intimation in the probation report that he

carried the gun to protect himself while traveling to and from his place of employment.

We are not in accord with the liberal construction of the statute proposed by the minority. Such reasoning, pursued to its ultimate conclusion, seemingly would condone the act of countless numbers of employees of large corporations and governmental agencies in carrying illegal, concealed, operable guns at their places of employment, subject only to a charge of a misdemeanor rather than a felony. The foreseeable consequences are foreboding. It is inconceivable that this was the intention of section 265.05 of the Penal Law. To the contrary, the statute is designed to limit the use of guns, ever mindful of the fact that " concealed weapons present an immediate and real danger to the public " (cf. *People* v. *Moore,* 32 N Y 2d 67, 72).

While the conviction for attempted possession of a weapon as a felony should stand, the interest of justice warrants reducing the sentence to the time already served, in the light of the defendant's prior unblemished record.

Accordingly, the judgment should be modified, as a matter of discretion in the interest of justice, by reducing the sentence to the time served; and, as so modified, the judgment should be affirmed.

SHAPIRO, J. (dissenting). In this case the defendant pled guilty to attempted possession of a weapon *as a felony* and was sentenced to six months' imprisonment. He now appeals from the judgment of conviction entered on that plea. In my opinion the judgment should be modified as hereinafter stated.

The crime of possession of a weapon *as a felony* — charged in the indictment — requires as a concomitant that such possession not occur in the defendant's " home or place of business " (Penal Law, § 265.05, subd. 2)[1]; if such possession takes place in the defendant's home or place of business the crime is a misdemeanor and not a felony, unless the defendant has been previously convicted of a crime — a situation not here present (Penal Law, § 265.05, subd. 3).

---

1. The pertinent sentence in this statute reads: " Such possession shall not, except as provided in subdivision three of this section, constitute a felony if such possession takes place in such person's home or place of business." This provision first appeared in subdivision 2 of section 1897 of the former Penal Law, effective July 1, 1964 (L. 1964, ch. 521), on the recommendation of the New York State Joint Legislative Committee on Firearms and Ammunition. Unfortunately, the 1964 report of that committee (N. Y. Legis. Doc., 1964, No. 12) offers no insight into the legislative intent.

The defendant, a Post Office employee for more than 11 years, was attached to the Post Office at the John F. Kennedy Airport. The arresting police officer alleged that he had been informed that the defendant was carrying a gun. He approached the defendant in the Post Office, observed a bulge "in his left side and removed therefrom in holster a .38 cal. Smith and Wesson revolver." The defendant thereupon was arrested. Upon being searched, the police officer found five rounds of live ammunition in his left pocket which fit the gun. The defendant had no permit for the gun.

In accepting the plea to attempted possession of a weapon *as a felony* the trial court was made aware of the fact that the defendant's possession of the weapon and the live ammunition had taken place in the Post Office. If the Post Office was the defendant's place of business, thus negating the felony element of the statute, it was the court's duty not to accept the defendant's plea of guilty to a felony (*People* v. *Serrano,* 15 N Y 2d 304).

I have been unable to find any New York case on an appellate level which holds that a *fixed* place of employment is or is not one's place of business, although three cases at the trial level have held that a taxicab is a taxi driver's place of business within the meaning of subdivision 2 of section 265.05 of the Penal Law (*People* v. *Santana,* 77 Misc 2d 414; *People* v. *Santiago,* 74 Misc 2d 10; *People* v. *Anderson,* 74 Misc 2d 415).[2]

Neither side has referred to any out-of-State "place of business" statutes, but independent research reveals that there are a number of such statutes.

---

2. The majority opinion states that "this court has recently held to the contrary in *People* v. *Levine* (42 A D 2d 769)", a taxicab case, wherein it modified a sentence of an indeterminate term not to exceed four years, on a guilty plea, to a five-year term of probation. Such a sentence could not be imposed if the offense were a misdemeanor. However, the distinguishing features in *Levine* are (1) that the defendant did not display the firearm in his possession in connection with his operation of his taxicab as a cab for hire, but when he became involved in an argument with another motorist, and (2) that his plea of guilty to possession of weapons and dangerous instruments and appliances as a felony was accepted in connection with the dismissal of an additional indictment against him for reckless endangerment in the first degree, also a class D felony. See, also, *United States* v. *Waters* (73 F. Supp. 72 [D. C.], app. dsmd. 335 U. S. 869); *People* v. *Cosby* (118 Ill. App. 2d 169); *Matthews* v. *State* (237 Ind. 677), in which the courts came to similar conclusions in taxicab cases. They may, however, be distinguishable under the terms of the particular statutes involved which, in the *Waters* case, referred to "dwelling house or place of business or on other land possessed by him" and in the *Cosby* and *Matthews* cases referred to "fixed place of business".

In *Flores* v. *State of Texas* (486 S. W. 2d 577 [Texas, 1972]), under a Texas statute which entirely exempted the possession of a gun in one's own place of business from criminal responsibility, the court held that an employee of a bar who possessed a gun in such premises was in his place of business. In *Page* v. *State* (25 S. W. 774 [Ct. of Crim. App. of Texas]), it was held that an employee of a bank was justified under the law in carrying a weapon in the bank because that was his place of business. In *Hare* v. *State* (71 Tex. Cr. Rep. 395), it was held that an employee of a lumber company was legally permitted to carry a weapon on and between the areas of the forest he was assigned to cut. In *Barker* v. *Satterfield* (111 S. W. 437), in construing the same statute the Texas court held that a conductor on a moving train was in his own place of business. In *Miller* v. *State* (12 Ga. App. 479), it was held that a farmhand on a plantation could legally carry a gun from his lodging to his employee's residence because they constituted his place of business.

The applicable statement in Corpus Juris Secundum reads: "Under statutes excepting one's place of business from a prohibition against the carrying or possession of weapons, ' place of business ' may be described broadly as the place where a person earns his livelihood. * * * The place of business contemplated by the exception has reference to a particular locality appropriated to a business" (94 C. J. S., Weapons, § 9, subd. [3], p. 503).

The majority relies upon *State of New Jersey* v. *Valentine* (124 N. J. Super. 425) as authority for the view that " a statutory exception permitting one to keep or carry about a firearm at his place of business or dwelling would not be extended to include the manager of a bar owned by another ". But *Valentine* is inapposite here. The New Jersey statute which the Appellate Division of the Superior Court of New Jersey interpreted in *Valentine*[3] did, in fact, create an " exception " to " the overriding philosophy " which the New Jersey Legislature embodied in its laws against possession of a firearm on one's person in a public place without a permit " to limit the use of guns as much as possible " (*Valentine*, p. 427). The same public policy is

3. In New Jersey the applicable statute reads:
"Nothing contained in section 2A:151-41 shall be construed:
" a. to prevent a person from keeping or carrying about his place of business, dwelling house, premises, or on land possessed by him, any firearm or from carrying the same from any place of purchase to his dwelling house or place of business, or from his dwelling house or place of business to or from any place where repairing is done, to have the same repaired."

reflected in section 265.05 of our Penal Law which, as stated in the majority opinion, was "designed to limit the use of guns, ever mindful of the fact that 'concealed weapons present an immediate and real danger to the public' (cf. *People* v. *Moore,* 32 N Y 2d 67, 72)." The New Jersey statute, however, provides that nothing in the section under which Valentine was convicted shall be construed "to prevent a person from keeping or carrying about his place of business * * * any firearm" (N. J. Stat., § 2A:151–42, subd. a). Thus there is a blanket exemption in such a case. Our statute governing possession of firearms contains no such exception or exemption; both types of possession are made criminal though our statute imposes a lesser penalty for possession of a firearm and a quantity of ammunition in one's place of business by declaring such possession to be a class A misdemeanor rather than a class D felony, the penalty otherwise assigned to possession of firearms (Penal Law, § 265.05, subds. 2, 3). Thus in New York, unlike New Jersey, interpreting the term "place of business" as including the place of business of an employee as well as of an owner of the business, will not, as the Appellate Division of the Superior Court of New Jersey feared, result in the opening of the door "to a multiplicity of situations where the term manager might be invoked to sanction possession of a weapon otherwise proscribed by *N. J. S. A.* 2A:151–41" (*State of New Jersey* v. *Valentine,* 124 N. J. Super. 425, 427, *supra*). Thus the *ratio decidendi* for the *Valentine* decision is clearly inapplicable under our statute, since the possession of the firearm does not clear the possessor of all criminal responsibility.

The cases cited and the statement from Corpus Juris Secundum accord with logic and sound reasoning. Indeed they carry out the thought expressed in section 5.00 of the Penal Law, which mandates that "the provisions * * * [of the Penal Law] must be construed according to the fair import of their terms to promote justice and effect the objects of the law". Furthermore, it is basic that a criminal statute is to be narrowly construed against the State and in favor of the accused (McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 271, 276; *People* v. *Nelson,* 153 N. Y. 90, 94; *People* v. *Shakun,* 251 N. Y. 107, 113).

The District Attorney asserts that "arguably, since an owner illegally possessing a gun on his business premises is criminally liable for only an A misdemeanor, any employee who [*sic*] he leaves in charge of the premises should come within the purview

of the statutory exception ''. He then argues that because '' appellant had no proprietary interest in the post office nor was he in charge of its operation '' he did not have the '' personal stake in the security of the post office that the legislators intended when the exception was made ''.

The construction contended for by the District Attorney is too rigid and narrow. If the term '' place of business '' is '' susceptible of reasonable application in accordance with the common understanding of men '' (cf. *People* v. *Cruz*, 34 N Y 2d 362), it should be given the meaning that could reasonably be ascribed to it by the average person. Thus, could not a book-keeper working in an office reasonably believe that to be her place of business; would not a doctor employed by an industrial firm be justified in saying that his office was his place of business; and would not a district attorney have justifiable reason for stating, in answer to an inquiry, that his office was his place of business? Many similar examples might be given to illustrate the point. Since the words used in a penal statute must be given their usual, ordinary and commonly accepted meaning *as understood by ordinary people* (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 271, subd. c; *People* v. *Glubo*, 5 N Y 2d 461, 470; *Bright Homes* v. *Wright*, 8 N Y 2d 157, 161–162) and since to be made criminal '' the proscribed conduct * * * should be clearly enunciated so that all those who may be affected may gauge their actions accordingly '' (*People* v. *Scott*, 26 N Y 2d 286, 291; *People* v. *Munoz*, 9 N Y 2d 51, 56; *People* v. *Byron*, 17 N Y 2d 64; *People* v. *Caswell-Massey Co.*, 6 N Y 2d 497), the words '' place of business '' should be construed, at the very least, as including any *fixed* place of employment.

The judgment of conviction should therefore be modified by reducing it to the misdemeanor of attempted possession of a firearm (cf. *People* v. *Englese*, 7 N Y 2d 83). I agree with the majority that the sentence (in view of the defendant's exemplary probation report) should be reduced to the time served.[4]

HOPKINS, Acting P. J., and LATHAM, J., concur with BRENNAN, J.; SHAPIRO, J., dissents and votes to modify the judgment by reducing the conviction to the misdemeanor of attempted possession of a firearm and reducing the sentence to the time served, and to affirm the judgment as so modified, with an opinion, in which CHRIST, J., concurs.

---

4. The defendant was released on bail on March 28, 1973 after serving about five weeks of his six months' sentence.

Judgment of Supreme Court, Queens County, rendered February 20, 1973, modified, as a matter of discretion in the interest of justice, by reducing the sentence to the time served. As so modified, judgment affirmed.