## STATE v. WILSON.

No. 75-4468.

Circuit Court, Dade County.

August 15, 1975.

---

Richard E. Gerstein, State Attorney, George Depozgay, Assistant State Attorney, for the state.

Phillip A. Hubbart, Public Defender, Thomas S. Wilson, Jr., Assistant Public Defender, for the defendant.

NATALIE BASKIN, Circuit Judge.

This cause having come on to be heard upon the defendant's sworn motion to dismiss and after hearing argument of counsel for the state and for the defense, the court makes the following findings of fact and law —

The defendant filed a sworn motion to dismiss on July 25, 1975. The state did not file a sworn traverse to the defendant's motion. There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.

The defendant was arrested on April 17, 1975, at approximately 6:40 P. M. at N. W. 13th Avenue and 54th Street, in Miami. At the time of his arrest he was employed as a taxicab driver for Society Cab, was a duly licensed taxicab driver, and was acting in the course and scope of his employment.

The defendant was seated in Society Cab #59 at the time Officer Lassiter began questioning him.

The defendant upon the request of the arresting officer identified himself and stepped out of his taxicab.

At that time the arresting officer discovered a firearm concealed under the cushion that the defendant was seated upon behind the wheel of his taxicab.

A taxicab is a "place of business" as that phrase is used in Florida Statute §790.25(3)(n). Peeples v. State, 287 So.2d 63 (Fla. 1973); People v. Anderson, 344 N.Y.S. 2d 15; People v. Crosby, 255 N.E. 2d 54.

The defendant, therefore, comes within the "place of business" exemption, as stated in F.S. §790.25(3)(n), to the prohibitions of F.S. §790.01.

It is accordingly ordered and adjudged that the defendant's sworn motion to dismiss is granted.