OPINION OF THE COURT
David Stadtmauer, J.
The defendants are charged with two counts of criminal possession of a weapon in the third degree (possession of a loaded firearm [Penal Law § 265.02 (4)]). They now move for several forms of relief, including dismissal of the indictment on the ground that the Grand Jury proceeding was defective. More specifically, both defendants claim that the Grand Jury was not properly informed and instructed as to the commer *832 cial nature of the motor vehicle in which the weapons were seized. As a result, it is alleged that the Grand Jury was deprived of the right to determine for itself whether or not the vehicle qualified under the statutory exemption for a defendant’s "place of business”. In addition, defendant Godfrey claims that the People improperly withheld from the Grand Jury exculpatory statements allegedly made by the codefendant, Abbatiello.
AUTOMOBILE AS A PLACE OF BUSINESS
While Penal Law § 265.02 (4) includes an exception for possession of a loaded firearm in a "place of business”, the statute, unfortunately, does not define that term. It is thus unclear whether that exception was limited to a fixed location or was intended to also include a transitory location, such as an automobile used in the course of business. Irrespective of questions as to the legislative intent (see, for example, People v Francis, 45 AD2d 431, 435, n 1, dissenting opn, Shapiro, J.), it is abundantly clear that such an exception by its very nature acknowledges the right of a person to defend himself or his property (see, People v Rondon, 109 Misc 2d 394, 397-398, and the cases cited therein). However, this is not a blanket license to possess firearms. The fact remains that unlicensed possession of a firearm is still a crime in New York (criminal possession of a weapon in the fourth degree [Penal Law § 265.01]) even if the possession was in the home or place of business. As the court stated in Rondon (at p 397): "The very strictness of the New York provision * * * appears to be part of a continuing trend * * * to impose severe restrictions on the possession of firearms. [T]he Governor of New York State [has] stated * * * that '[w]e must let it be known that New York has the toughest gun law in the country and that it will be strictly enforced.’ ”
While there are a number of New York cases dealing with the "place of business” exception, research fails to reveal any cases directly involving possession in an automobile, such as the one in the instant case, which is used merely as an adjunct to the defendant’s business. The defendants have suggested that Abbatiello’s station wagon may be analogized to a taxicab which, in a number of earlier decisions at nisi prius, was found to be a "place of business” (People v Santana, 77 Misc 2d 414; People v Anderson, 74 Misc 2d 415). However, this does not appear to be the state of the law at present. As *833 the Appellate Division, Second Department, stated, in People v Francis (supra, at p 433): "We recognize that * * * lower court decisions have held that a taxicab is a taxi driver’s place of business within the purview of the statute * * * However, this court has recently held to the contrary [citing People v Levine, 42 AD2d 769]”.
On appeal, the order of the Appellate Division in Francis was affirmed but on different grounds (38 NY2d 150). Since the Court of Appeals left aside the question of whether a taxicab is or is not a "place of business”, a number of trial courts — in subsequent cases — have expressed reservations with regard to the current state of the law (see, for example, People v Malave, 124 Misc 2d 210, 215; see also, People v Allison, 117 Misc 2d 463, 464, n 1). In the view of this court, however, the language of the Appellate Division in Francis (supra) is clear and unmistakable. And, in the absence of any contrary holding by another Department, or by a reversal or overruling of the Francis principle by the Court of Appeals, this court is bound by the holding of the Second Department. (In this regard, it may be noted that the Second Department’s decision in Francis was cited with approval by the Fourth Department in People v Fearon, 58 AD2d 1041. The First and Third Departments do not appear to have spoken on the issue.)
In the case of a taxicab, the vehicle is to all intents and purposes the business itself. If a taxicab, then, is not a "place of business”, the argument as to the station wagon in the case at bar becomes even less persuasive. According to Abbatiello’s testimony, his vehicle was used for running errands and transporting equipment for his disco and skating rink. The court finds that in no sense can the automobile in question be construed as a place in which business is conducted and for which the Legislature intended the statutory exception.
Therefore, the court finds as a matter of law that the defendant’s station wagon was not a "place of business” and that the People were under no obligation to so instruct the Grand Jury or to allow the Grand Jury to determine — as a question of fact — whether or not the vehicle was an exempt "place of business”.
EXCULPATORY EVIDENCE
The exculpatory evidence which defendant Godfrey claims should have been submitted to the Grand Jury is the alleged *834 statement by codefendant Abbatiello to the effect: "Why are you taking him [Godfrey]? They’re [the guns] mine.”
The court recognizes that the District Attorney is initially under no obligation to present exculpatory material at the Grand Jury level. Nor is there any precise formula to determine whether, and under what circumstances, a prosecutor must present exculpatory evidence to a Grand Jury. However, if the exculpatory matter is so important as to materially influence the Grand Jury’s investigation, or its introduction would possibly cause the Grand Jury to change its findings, then it must be submitted (see, People v Monroe, 125 Misc 2d 550; People v Filis, 87 Misc 2d 1067).
The court finds that the People had knowledge of the alleged statement at the time of the Grand Jury proceeding and that the statement was of such moment that it should have been submitted. The only evidence against Godfrey is the statutory presumption of possession (Penal Law § 265.15 [3]) and the fact that he was one of the two individuals in the car at the time the weapons were found. Neither of the detectives found guns or ammunition upon the person of Godfrey. No one saw him make any furtive movement or in any manner indicate an awareness of weapons in the vehicle. Moreover, the detectives testified that, at the time they exited from their own vehicle and approached the stopped station wagon, the bag containing the guns was observed in the hands of Abbatiello.
While the presumption of ownership of weapons found in a vehicle extends to every passenger (People v De Leon, 77 Misc 2d 969), this presumption is permissive rather than mandatory. In this respect, it does not shift the burden of proof to the defendant and may thus be considered to be more in the nature of a permissible inference which the trier of fact may choose to either accept or disregard. In any event, there would appear to be no basis for extending the statutory "presumption” of possession to one of the individuals in a vehicle in a situation where the police actually observed the weapons (or .the bag containing the weapons) in the physical possession of another person in the car (see, People v Garcia, 41 AD2d 560).
DECISION
In view of all the foregoing, the motion to dismiss the indictment is denied as to defendant Abbatiello and granted as to defendant Godfrey. (The balance of the relief requested *835 is disposed of in accordance with the court’s separate opinion on the record.)