■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MINAS KHUDADZADE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered April 1, 1988, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The trial court's charge on the definition of reasonable doubt was complete and accurate. It was not error for the court to instruct the jury that a doubt, to be a reasonable one, should be one which a reasonable person acting in a matter of this importance would be likely to entertain (see, People v Rivera, 135 AD2d 755; People v Quinones, 123 AD2d 793). Nor do we find the court's charge on intent improper. Although the court's charge was lengthy and filled with extemporaneous examples, the court did give the proper statutory definition on several occasions (Penal Law § 15.05 [1]).

We further find that it was not error for the trial court to have charged, under the facts of this case, that the defendant's taxi cab and the car service office from which his

vehicle had been dispatched were not his places of business within the statutory exception to criminal possession of a weapon in the third degree (see, Penal Law § 265.02 [4]; *People v Francis,* 45 AD2d 431, 433, *affd* 38 NY2d 150; *People v Levine,* 42 AD2d 769).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.