■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC W. SUNDQUIST, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered May 26, 1989, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Defendant was indicted for third degree criminal possession of a weapon (Penal Law § 265.02 [4]) and first degree criminal possession of marihauna (Penal Law § 221.30). His motion to suppress evidence discovered during the search of his automo-

bile was denied, after which he was found guilty of possessing a weapon. The marihuana possession charge was dismissed because the jury was unable to reach a verdict on this charge. Defendant was sentenced to a definite term of imprisonment of one year. On appeal, defendant raises a host of objections, many of which are irrelevant because they relate only to the dismissed marihauna possession charge.

At the outset, we find that the motion to suppress was properly denied. State Trooper Douglas Wilburn legitimately stopped defendant's car because he had reasonable suspicion to believe that the driver had violated the Vehicle and Traffic Law (see, People v Hoffman, 135 AD2d 299, 301); the car crossed a double solid centerline and a radio inquiry to the State Police station by Wilburn disclosed that the car's registration was suspended. Further, the short delay between the occurrence of the driving infraction and the eventual stop does not evince bad faith on the part of the Trooper. Wilburn testified that he did not immediately learn that the registration was suspended, and he satisfactorily explained his preference for stopping motorists on roadways rather than in parking lots.

Additionally, evidence obtained during the subsequent search of the vehicle, to which defendant consented, was properly admissible at trial. Although defendant argues that he never acquiesced, Wilburn testified otherwise and County Court was at liberty, as it did, to credit the Trooper's testimony (see, People v Prochilo, 41 NY2d 759, 761). Despite some inconsistencies in the various officers' renditions, we find no reason to disturb the court's determination in this regard.

Defendant's alternative contention that his permission was involuntarily obtained is no more compelling. This argument turns on an examination of all the circumstances attending the securing of defendant's permission (see, People v Gonzales, 39 NY2d 122, 128). In brief, those circumstances were that defendant and his brother were not outnumbered by the State Troopers, defendant was not in custody, arrested or handcuffed, and, significantly, defendant assertedly assisted the police by voluntarily opening the glove compartment and restraining his dog during the search (see, People v Gonzales, supra, at 130).

Regarding the trial itself, defendant makes much of County Court's decision to permit the People to supplement its opening statement twice, particularly since the court did not inform the inexperienced Assistant District Attorney of the

nature of the defects in his first inadequate opening *(see, People v Kurtz,* 51 NY2d 380, 386, *cert denied* 451 US 911). By the third attempt, deficiencies in the opening had been rectified sufficiently to enable the jury to understand the nature of the case to be decided *(see, supra,* at 384), even accepting defendant's representation that not every element of the crimes charged was mentioned *(see, People v Brown,* 104 AD2d 696, 697). Examination of the various opening statements fails to disclose how defendant was prejudiced by the court's decision.

The record discloses ample evidence to sustain the jury's verdict that defendant knowingly possessed a loaded firearm in a place other than his home or place of business *(see,* Penal Law § 265.02 [4]). Defendant admitted to the arresting officers that the weapon in the car belonged to him and that he had been told by the dealer from whom he had purchased the weapon in New Mexico that he could transport it across state lines. And, notwithstanding defendant's contrary view, his car could not be considered a place of business exempting him from criminal liability *(see, People v Abbatiello,* 129 Misc 2d 831, 832-833; *cf., People v Khudadzade,* 156 AD2d 384, 384-385, *lv denied* 75 NY2d 814).

Nor did the prosecutor's refusal to grant defendant's brother immunity warrant reversal *(see,* CPL 50.30; *People v Owens,* 63 NY2d 824, 825; *People v Adams,* 53 NY2d 241, 247-248). The brother had been called as a witness for the defense. In the course of his testimony, the brother, against whom no charges were pending, invoked his privilege against self-incrimination. Presumably, the testimony that defendant was unable to elicit from his brother would have accounted for the marihuana discovered in the trunk of defendant's car. In view of defendant's admitted ownership of the gun found under the front seat of the car, it is difficult to conceive how such testimony could have been relevant, let alone exculpatory.

Finally, we agree with defendant that County Court should not have permitted jurors to take notes during the supplemental charge. Defendant specifically objected and asked the court to confiscate the notes. The court declined to do so, and neglected to give the jury any cautionary instructions *(see, People v Tucker,* 77 NY2d 861, 863; *see also,* CPL 310.30). However, because the note-taking occurred during the court's instructions to the jury regarding the elements of the crime of possession of marihauna, which count was dismissed, the error was harmless.

Defendant's remaining arguments were either unpreserved for our review or do not merit discussion.

Casey, J. P., Mikoll, Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Tompkins County for further proceedings pursuant to CPL 460.50 (5).