OPINION OF THE COURT
Charles A. Kuffner, Jr., J.
Defendant is charged with criminal possession of a weapon *892 in the third degree. After conducting a hearing on July 2, 1992, defendant moved to dismiss or, in the alternative, reduce the indictment to a misdemeanor possession because the circumstances concerning the weapon’s location fall within the exception of section 265.02 (4) of the Penal Law.
The provisions of this section make it a class D felony to possess a loaded firearm unless "such possession takes place in such person’s home or place of business” in which event the violation would only rise to the level of a class A misdemeanor. The loaded .22 caliber automatic Raven revolver was found in the glove compartment of defendant’s car after a permissible search. The vehicle was parked on the driveway of defendant’s residential property. At issue in this case is whether the revolver was found in defendant’s home or place of business.
While the exception in the statute acknowledges the right to defend one’s self or property, it does not create blanket authority to possess unlicensed firearms. "As the court stated in [People v] Rondon ([109 Misc 2d 394,] 397): The very strictness of the New York provision * * * appears to be part of a continuing trend * * * to impose severe restrictions on the possession of firearms. [T]he Governor of New York State [has] stated * * * that "[w]e must let it be known that New York has the toughest gun law in the country and that it will be strictly enforced”.’ ” (People v Abbatiello, 129 Misc 2d 831, 832.) Possession of loaded firearms to protect persons or property in their homes or places of business is less reprehensible than possession for other purposes. (People v Powell, 54 NY2d 524, 526.) The statute codifies strong and competing public policy considerations, regarding bearing of arms.
While a clear definition of "home” is omitted from the statute, as is the definition of "place of business”, the ordinary meaning ascribed to the word "home” and the public policy concerns would seem to warrant a functionally limited area that would include the physical parameters of a house or business and its appurtenances as well as any immediate curtilage. (People v Lemelle, 82 Misc 2d 674, 675; People v Merced, NYLJ, May 21, 1976, at 11, col 4.)
As in Lemelle (supra), where the secreting of a weapon in a garbage pail was more consistent with concealment than protection of one’s self or property from harm, the placement of a revolver in an item of personalty, to wit: a vehicle, unrelated in location to the object of the interest to be *893 preserved, can hardly be characterized as falling within the statute’s exception. Here, the firearm was not lying on the driveway near the home (People v Merced, supra) but secreted in an automobile’s glove compartment (location), which could serve no practical purpose were protection of the home (object), the interest to be protected.
The motion to dismiss or reduce the indictment to misdemeanor possession is denied.
The defendant, also claiming to be aggrieved by an unlawful or improper acquisition of evidence, has made a motion for an order suppressing a statement made by him on February 23, 1992 to Officer Denise Juliano, on the ground that it was involuntarily made within the meaning of CPL 60.45.
A confession or admission is admissible at trial in this State only if its voluntariness is established by the People beyond a reasonable doubt.
I make the following findings of fact:
That Police Officers Denise Juliano and Erin Mahoney, amongst other officers, at or about 9:30 p.m. received a radio transmission to respond to 186 Braisted Avenue — family dispute involving a gun. They met the defendant’s wife who told them she had found two guns in her husband’s Chevy Blazer. The guns were discovered in the Chevy Blazer by the defendant’s daughter. After the wife consented to the search of the house and the Blazer, two guns, a .22 caliber and a .25 caliber were removed from the Blazer’s glove compartment and a rifle was found in the house. The defendant was, thereafter, arrested and handcuffed in the house, brought outside to the police vehicle, was seated in the rear seat with Police Officer Mahoney where she read to him his Miranda warnings. After the warnings, the defendant was asked where he got the rifle and he explained that a relative had given it to him, that he had just recently opened a business and he gave it to me. "You know why I need it, the 22 doesn’t work, I just use it for protection.”
I make the following conclusions of law:
That the defendant knowingly, intelligently and voluntarily waived his right to remain silent and that the statement given can be offered into evidence in the People’s case-in-chief.
Accordingly, the defendant’s motion to suppress the statement is denied.