■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALI YAGHI, Appellant. [605 NYS2d 554] —Weiss, P. J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered July 29, 1992, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.

---

2. The sum of $4,733.75 was ordered to compensate the Guardian.

At approximately 9:15 A.M. on December 19, 1991, Albany City Police Officer Gustavo Flores observed a vehicle proceeding on Henry Johnson Boulevard within the City of Albany at a high rate of speed, cross over a solid double yellow line and pass four vehicles before returning to a proper traffic lane. Flores stopped the car, approached the driver (defendant) and asked for his driver's license, vehicle registration and insurance card. Defendant did not respond promptly. At this time Flores observed a sword between the front seats and, upon closer observation, saw several loose rounds of ammunition on the floor. When defendant leaned in the direction of the sword, Flores ordered him from the vehicle and, as he stepped out, noticed a bulge in his jacket pocket which caused the jacket to sag. A patdown of the bulge suggested the presence of a gun which was confirmed upon a further search. Defendant was charged with criminal possession of a weapon in the third degree. Subsequent to a hearing and denial of his motion to suppress evidence of the stop and seizure, defendant pleaded guilty to attempted criminal possession of a weapon in the third degree. This appeal ensued.

As part of his plea agreement, defendant waived his right to appeal. His attorney specifically stated to County Court that he had explained the waiver and that defendant was waiving his right to appeal. The record shows defendant stated that he understood the waiver. During the actual plea allocution, defendant again indicated that he understood that he was giving up his right to appeal. We find the standards for a valid waiver of appeal to have been met (see, People v Moissett, 76 NY2d 909, 911; People v Seaberg, 74 NY2d 1, 11) and that the record fails to support defendant's contrary contentions.

Nor was defendant deprived of his right to effective assistance of legal counsel. He bases his contention solely upon a theory that because he owned a pizza shop and the vehicle which he was driving was at times used to deliver pizzas, that vehicle was his "place of business" entitling him to possess a loaded firearm therein. As a result, he argues that his conduct would not violate Penal Law § 265.02 (4). Contrary to such theory, a motor vehicle is not a place of business (People v Sundquist, 175 AD2d 319, 321; People v Williams, 167 AD2d 565, 566; People v Khudadzade, 156 AD2d 384, 384-385, lv denied 75 NY2d 814; People v Francis, 45 AD2d 431, 433, affd 38 NY2d 150; People v Abbatiello, 129 Misc 2d 831, 832-833), and the failure of counsel to have raised this issue as a defense has no relevancy to the adequacy of the representation.

We find no abuse of discretion or extraordinary circumstances in defendant's sentence of one year pursuant to the plea agreement warranting the intervention of this Court in the interest of justice.

Mikoll, Mercure, Cardona and Mahoney, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).