STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM BLOOM, PLAINTIFF IN ERROR.

Submitted January 27, 1933—Decided July 5, 1933.

Before Justices BODINE and DONGES.

For the plaintiff in error, *Chandless, Weller & Selser.*

For the defendant in error, *George F. Losche.*

PER CURIAM.

This writ of error brings up the conviction of one William Bloom under an indictment charging the carrying of a concealed weapon.

It appears that on January 14th, 1931, the state police conducted a raid on certain premises in the borough of Wallington, Bergen county. They found a still. Within the premises, which appeared to consist of factory buildings and yard, they encountered the plaintiff in error. In his pocket was a

pistol, fully loaded. He had no permit to carry it. He was indicted, and, upon waiving trial by jury, was found guilty by Judge Leyden holding the Second Criminal Judicial District Court of Bergen county.

The case is here under assignments of error and specifications of causes for reversal under the one hundred and thirty-sixth section.

Four points are argued. The first is that it was error to refuse to strike testimony of a police officer as to the finding of a still upon the premises. The ground of the motion to strike, which came after two questions had been answered without objection, was that the evidence had no bearing upon the particular charge. The testimony was material. The conditions existing at the time and place of a crime are admissible. *State* v. *Sage,* 99 *N. J. L.* 229; 122 *Atl. Rep.* 827. Furthermore, it was harmless. There was no jury. The trial judge, in discussing the issues he was to decide, said, "as I view it I am not concerned with whether or not a still was in operation. It is just simply whether or not this man was carrying a concealed weapon in violation of the law." It thus appears that the evidence did not enter into the determination of the factual question. Really there was no factual question involved, because plaintiff in error admitted carrying the gun.

The second point is that the Second Judicial District Court had no jurisdiction to try the case. It is said that there was no reference of the case by the Oyer and Terminer. However, the record discloses on pages 5 and 6, a written waiver of jury trial signed by plaintiff in error, and request for trial at the Special Sessions. Then appears an order of reference to Judge Leyden by Judge O'Regan, of the Quarter Sessions. There was never any objection to the jurisdiction of the court, as there should have been. *State* v. *Winters,* 61 *N. J. L.* 613. There is no merit in this point.

The next point is that the indictment failed to charge a crime. Objections to the indictment must be made before the jury is sworn, under the statute. There was no jury here, but the objection, in the form of a motion to dismiss, was made at the end of the state's case. This was too late. Furthermore, the indictment clearly charges the offense of carrying a con-

cealed weapon. The failure of proof cannot be urged on such a motion.

It is also argued under this point that the law in its present state does not provide a penalty for carrying weapons. The reasoning is that the act of 1928 prohibits carrying weapons, except in certain cases, without a license, without providing a penalty, and, therefore, the provisions of the 1927 statute providing that such an offense shall be a high misdemeanor are repealed. Without assenting to this contention, we think it unnecessary to deal with it on a motion to dismiss the indictment.

The fourth and last point is that there should have been a verdict directed for plaintiff in error. The language of the statute is "provided, however, that nothing herein contained shall prevent any person from keeping or carrying about his or her place of business, dwelling house or permises any such revolver * * *."

Plaintiff in error contended that he was employed as a watchman and given the revolver by his employer for the purpose of protecting the premises, and that the statute means that any employe may carry a weapon in and around his place of employment. Cases from other states, not identical in facts, are cited. We do not think that this is a reasonable interpretation of the meaning of the act. An owner of a business or person in charge of a business might be included, but certainly every person employed in and about a factory, store or office building is not included. There could be few offenders if this were the law.

On the whole, we fail to see any merit in this writ. Plaintiff in error admittedly carried a weapon without a permit and now simply says he did not violate the law.

The judgment is affirmed, with costs.