**ALEXANDER v. UNITED STATES.**

No. 11895.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 22, 1953.
Decided Jan. 7, 1954.

Mr. Andrew W. Carroll, Washington, D. C., for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll and William B. Bryant, Asst. U. S. Attys., were on the brief, for appellee. Mr. William J. Peck, Asst. U. S. Atty. at the time the record was filed, also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

PER CURIAM.

The appeal is from a conviction on the first count of an indictment for violation of § 22–3204, D.C.Code 1951, which defines the offense a person commits in carrying a pistol without a license except in his dwelling house or place of business or on other land possessed by him. Appellant was also tried, but acquitted, on a second count of the same indictment for assault with a deadly weapon, laid under § 22–502, D.C.Code 1951.

Appellant was an employee at a service station. It appears that on the day in question, between two and three o'clock in the morning, when he was off duty, he returned to this place of employment with a male friend and a young woman. There was some drinking. Appellant took from a closet at the service station a pistol he had been keeping there. In handling the pistol he shot another employee, who was then on duty, in the leg. On the trial appellant testified he had removed the pistol from the closet to take it to his dwelling house.

■ He contends that the court should have directed a verdict of not guilty on the first count because, he says, the undisputed facts showed the service station to be his place of business. Viewing the facts, however, most favorably from the standpoint of appellant there was an issue to be resolved by the jury as to whether or not the service station was his place of business. The court accordingly did not err in refusing to direct a verdict.

■ The other points on appeal relate to the instructions to the jury. But objections in this regard now come too late to necessitate our review of them, since the provisions of Rule 30, Fed.R. Crim.P., 18 U.S.C.A., were not satisfied. And the facts of the case are not such as to call upon us to review points not properly reserved under the rule.

Affirmed.