S. Samuel Di Falco, S.
A construction of testator’s will is sought by his daughter individually and as one of the executors and by a sister of the decedent as an executor. The daughter is the income beneficiary of the trust of the residuary estate created in paragraph Fifth of the will. Testator provided in paragraph Sixth thereof that if his daughter desired to purchase a home for herself and her family and ‘ ‘ shall actually enter into a contract for the purchase of such a home, my executors and/or trustees * * * shall remove from my residuary estate the sum of Thirty Thousand Dollars ($30,000.00) of principal which shall be paid over to my said daughter to aid her in the purchase of such house but said sum shall not be paid over to her until and unless she actually enters into a good and valid contract to purchase or build such home and actually consummates the purchase and she may then obtain and use the sum of Thirty Thousand Dollars ($30,000.00) toward the payment of the purchase price ”.
Petitioners state that testator’s daughter is anxious to purchase a co-operative apartment in the neighborhood in Manhattan where she and her husband reside with their two children and where the children attend private school. Petitioners request a construction of said paragraph Sixth of the will to the effect that if at any future time decedent’s daughter enters into a good and valid contract for the purchase of a co-operative apartment the executors and/or trustees shall withdraw the sum of $30,000 from the residuary estate or the principal of the trust and shall pay said sum to aid her in making such purchase and that the cost of any additions, improvements, alterations and/or renovations contracted to be made in or to said co-operative apartment shall be deemed part of the purchase price.
*281 The two infant children of decedent’s daughter are the remaindermen of the trust. Their special guardian makes no objection to the construction proposed by the petitioners. The corporate executor and trustee has also appeared and assumes a neutral position.
The following definitions of “ home ” are found in Webster’s New International Dictionary (2d ed., Unabridged, p. 1191): <£ One’s own dwelling place; the habitual abode of one’s family; the social unit formed by a family residing together in one dwelling; the influences or environment of such a home; an organized center of family life.” Black’s Law Dictionary defines ££ home ” as that place ££ in which one in fact resides with the intention of residence ” (p. 866).
In holding that a hotel and not a room alone is a home, the court stated: “ A home is not a sleeping room alone; it includes the places where one eats, bathes, reads, visits and rests, where one throws off the cares of business and surrenders to his desire for creature comforts and human associations.” (Matter of Jakeway v. Bauer Co., 218 App. Div. 302, 304.) In considering the words £ £ any home of which I may die seized and the furnishings thereof” it was held that they refer to the co-operative apartment owned by the decedent and which he had occupied with his wife and children. Surrogate Cox stated: £ £ This apartment was his home and the intent of the testator to give it to his wife is clear and unmistakable.” (Matter of Rockwell, 26 Misc 2d 709, 711.)
The court notes that in recent years, especially in New York City, there has been a great trend toward living in co-operative apartments. Ownership of a co-operative apartment has some of the income tax advantages given to a ‘£ home ’ ’ owner. The court therefore grants the application and construes the will in the manner proposed by the petitioners.