Johh M. Murtagh, J.
Defendant’s omnibus motion is disposed of as hereinafter indicated.
That branch of the motion requesting a suppression hearing is respectfully referred to the trial court.
The defendant, a taxicab driver, was arrested on or about February 7, 1971 and charged with the crime of criminal possession of a dangerous weapon as a felony. On April 28, 1971 the defendant was indicted and charged with the above-mentioned crime.
The defendant moves to inspect the Grand Jury minutes and/or in the alternative for a dismissal of the indictment.
The court has read the Grand Jury minutes. It does not appear that the evidence submitted establishes the commission of a felony under subdivision 2 of section 265.05 of the Penal Law.
Subdivision 2 of section 265.05 provides that “ Such possession [possession of a firearm] shall not * * * constitute a felony
if such possession takes place in such person’s home or place of business.” It is evident that the Legislature intended to classify possession in a home or place of business a lesser degree of crime than one that takes place elsewhere. The policy behind such special classification is evident.
We have in this case possession of a .38 automatic Beretta in a cigar box used to keep the day’s receipts, the cigar box being in a taxicab assigned to the defendant for his daily business use. There is no precedent to guide the court. Nonetheless, it appears evident that within the letter and spirit of subdivision 2 of section 265.05 the possession is a possession in a “ place of business.”
Accordingly, defendant’s motion to dismiss the indictment is granted.