Joseph A. Mazur, J.
By a felony complaint, the defendant was charged with the crime of possession of a loaded firearm, subdivision 2 of section 265.05 of the Penal Law as a felony, the crime of defacing a firearm, subdivision 6 of section 265.10 of the Penal Law as well as violations of the Vehicle and Traffic Law, unlicensed operator and disobeying traffic signs. The complaint was made and sworn to by Patrolman Joseph Pryor, the arresting officer, and the People’s sole witness at the felony hearing.
From the testimony elicited at the hearing the court finds the facts to be as follows. On September 23, 1972, at 1:45 a.m., the arresting officer and his partner, while on radio motor patrol, observed the defendant driving a gypsy cab southbound on St. Ann’s Avenue at 145th Street in The Bronx. The defendant’s vehicle was seen to go through a red light at which time the officers signaled for him to stop. The defendant complied.
The officers got out of the radio car and approached the defendant’s car. The defendant was asked to get out of his cab and to produce his license and registration. At the time, there were two passengers sitting in the back seat of the gypsy cab. When the defendant alighted from the vehicle, the patrolman observed a .32 caliber revolver under the brake pedal of the car. Subsequently, the gun was taken to the police laboratory where tests showed the weapon to be operable.
The arresting officer asked the defendant whether the gun belonged to him. The defendant answered that he did not own the gun and that anyone could have put the gun there. The defendant acknowledged that he was the owner of the gypsy cab and its only driver. The two passengers in the back of the cab *417 were not questioned by the officers regarding the ownership of the weapon and were not charged with any violation of law.
There was evidence that when the defendant exited from the cab that there was some confusion and that some papers dropped to the ground: The arresting officer conceded that the defendant’s operator’s license may have been mislaid. In any event, the court has been presented with a duplicate operator’s license and is convinced that the defendant is a duly licensed driver.
Subdivision 2 of CPL 180.10 provides that where a defendant is charged with a felony he “ has a right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a grand jury ”. Upon conclusion of such hearing, the court must make a finding as to whether “ 1 * # * there is reasonable cause to believe that the defendant committed a felony ”, or “2. If there is not reasonable cause to believe that the defendant committed a felony but there is reasonable cause to believe that he committed an offense other than a felony ”. (CPL 180.70, subds. 1, 2.)
“ Reasonable cause ” is defined in subdivision 2 of CPL 70.10 as existing ‘ ‘ when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (See Mattioli v. Brown, 71 Misc 2d 99; People v. Adams, 71 Misc 2d 658). As indicated in the Practice Commentary by Richard Gr. Denzer (McKinney’s Cons. Laws of N. Y., Book 11A, CPL 70.10), “ Evidence which is not ‘ legally sufficient ’ may well provide 1 reasonable cause to believe that a person has committed an offense.’ ” It is evident that the test of ‘ ‘ reasonable cause ’ ’ requires less than the presentation of a prima facie case.
Subdivision 1 of CPL 190.65 provides that: “ a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person committed such offense and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.” "What constitutes “ legally sufficient evidence ” is further defined in subdivision 1 of CPL 70.10 as: “ competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof; except that such evidence is not legally sufficient when corroboration required by law is absent.” *418 (Emphasis supplied.) This definition is synonymous with the requirements of a prima facie case. (People v. Haney, 30 N Y 2d 328; People v. Peetz, 7 N Y 2d 147.) Since the quantum of evidence required to hold a person for the Grand Jury is less than that required for an indictment, the Judge at the preliminary hearing may be required to hold a defendant without regard to the probability of a successful prosecution. Given the limited scope and purpose of the preliminary hearing (People ex rel. Pierce v. Thomas, 70 Misc 2d 629 [Sup. Ct., Bronx County, 1972, Gellinoff, J.]), the court is constrained to find in the instant case that there exists reasonable cause to believe that a crime was committed and that the defendant committed it, and hold the matter for trial.
One question remains, however, and that is the nature of the offense for which the defendant should be held. At the preliminary hearing the defense counsel argued most strenuously that the presumption in subdivision 3 of section 265.15 of the Penal Law did not apply to the defendant. Subdivision 3 of section 265.15 states that: ‘ ‘ The presence in an automobile, other than a stolen one or a public omnibus, of any firearm, defaced firearm, firearm silencer, explosive or incendiary bomb, bombshell, gravity knife, switchblade knife, dagger, dirk, stiletto, billy, blackjack, metal knuckles, sandbag, sandclub or slungshot is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon, instrument or appliance is found, except under the following circumstances: (a) if such weapon, instrument or appliance is found upon the person of one of the occupants therein; (b) if such weapon, instrument or appliance is found in an automobile which is being operated for hire by a duly licensed driver in the due, lawful and proper pursuit of his trade, then such presumption shall not apply to the driver; or (c) if the weapon so found is a pistol or revolver and one of the occupants, not present under duress, has in his possession a valid license to have and carry concealed the same.” Counsel argued that since the defendant was and is a duly licensed driver in an automobile for hire that under exception (b) the presumption does not apply to him. This is a defense which if raised at trial (see Penal Law, § 25.00, subd. 1) would require the People to come forward with proof beyond a reasonable doubt to disprove (cf. People v. Soto, 38 A D 2d 734 [2d Dept., 1972]).
The People contended that where they had established the necessary elements of that presumption (1) that the firearm was found in the automobile; (2) that the defendant was in the auto *419 mobile at the time the weapon was found) that the defendant if he wants to rebut the presumption has the burden of going forward and producing substantial evidence to that effect. (Richardson, Evidence [9th ed., Prince], § 57; Ann. 5 ALR 3d 19.) While this is a valid statement of law it is not applicable to the instant case. Where the defendant establishes that one of the exceptions applies (as a defense) this obviates the necessity that the defendant repel the presumption of possession which would otherwise attach (People v. Logan, 94 N. Y. S. 2d 681).
Even though the question of the applicability of the presumption of possession is not germane to the issue of whether reasonable cause exists where the question of “ constructive ” possession is as yet unresolved, nevertheless the exception cited above mandates that the charge against the defendant be reduced to an A misdemeanor. This is so because subdivision 2 of section 265.05 of the Penal Law provides that possession of a firearm shall not constitute a felony ‘ ‘ if such possession takes place in such person’s home or place of business.” (Emphasis added.) The defendant’s gypsy cab constitutes his place of business within the meaning of the statute.
Accordingly, the court reduces the charge against the defendant to violation of subdivision 3 of section 265.05 of the Penal Law pursuant to subdivision 2 of CPL 180.70, and directs the prosecutor to file with the court a prosecutor’s information charging the defendant with the nonfelony offense. As there was no evidence of defacement of the weapon presented at the hearing, that charge is dismissed.