124 N.J. Super. 425 (1973)
307 A.2d 617
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVID VALENTINE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 4, 1973.
Decided June 26, 1973.
*426 Before Judges CARTON, MINTZ and SEIDMAN.
Messrs. Van Riper, Belmont & Villanueva, attorneys (Mr. Alfred C. De Cotiis, of counsel and on the brief), for defendant-appellant.
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney (Mr. Ralph J. Jabbour, Assistant Prosecutor, of counsel and on the brief), for plaintiff-respondent.
The opinion of the court was delivered by MINTZ, J.A.D.
Defendant was tried to a jury and convicted of possession of a revolver, in violation of N.J.S.A. 2A:151-41 (carrying a weapon on his person or in his possession in a public place without first having obtained a permit to carry the same). He was sentenced to 60 days in the Esesx County Correctional Center.
On the evening of April 10, 1971 two police officers of the City of Orange were on routine radio patrol duty when they received a radio message. As a consequence of that message they proceeded to Dave's Glass Bar and spoke with defendant, the manager of the bar. One of the officers asked defendant if he had a gun, to which defendant responded negatively. The officer then inquired of defendant whether there was a gun on the premises. Defendant again replied negatively and invited the police to come behind the bar and check. One of the officers then searched defendant and removed a loaded revolver from his pocket.
*427 A barmaid in the tavern, David Kozlow the owner, as well as defendant testified concerning defendant's employment status and the nature of his duties. Their testimony was to the effect that defendant was in complete charge of the business from 6 P.M. to 2 A.M. when the owner was not present.
At the close of the evidence defendant moved for a judgment of acquittal on the ground that he came within the exception prescribed by N.J.S.A. 2A:151-42(a), which provides that:
Nothing contained in section 2A:151-41 shall be construed:
a. to prevent a person from keeping or carrying about his place of business, dwelling house, premises, or on land possessed by him, any firearm or from carrying the same from any place of purchase to his dwelling house or place of business, or from his dwelling house or place of business to or from any place where repairing is done, to have the same repaired * * *.
Arguably, since a small business man can defend his premises by armed force, the owner should be permitted to delegate this power to the one he leaves in charge of the premises. Cf. dictum in State v. Bloom, 11 N.J. Misc. 522, 524 (Sup. Ct. 1933).
However, the overriding philosophy of our Legislature is to limit the use of guns as much as possible. The bar was not defendant's business. He held no proprietary interest therein. By extending the statutory exception to include a manager, the door is opened to a multiplicity of situations where the term manager might be invoked to sanction possession of a weapon otherwise proscribed by N.J.S.A. 2A:151-41. Moreover, there was not a scintilla of evidence produced that the revolver was acquired by Kozlow and in the possession of defendant in connection with the operation of the business. The motion for a judgment of acquittal was properly denied.
Defendant further urges that the 60-day custodial sentence was excessive in view of the novelty of the issue presented, defendant's minimal prior record consisting of a municipal *428 court conviction for trespassing for which he received a suspended sentence, and his family situation. However, as the sentencing judge stated, defendant lied to the police when they arrived at the bar. Additionally, we note from the presentence report that the weapon was stolen from Verona. Furthermore, defendant gave his probation officer a statement to the effect that the weapon in question fell to the floor from the pocket of a patron who defendant asked to leave the premises because of his profanity. He picked up the gun and put it in his pocket. In view of the totality of the circumstances we find no abuse of discretion in the sentence imposed.
Affirmed.