Anthony P. Savarese, J.
The defendant is charged with felony possession of a weapon (Penal Law, § 265.05, subd. 2). After hearing, the defendant moved to reduce the charge to possession as a misdemeanor (Penal Law, § 265.05, subd. 3). The hearing adduced the following facts and I so find:
The officer in a patrol car observed the defendant sitting in the driver’s seat of a taxi (nonmedallion) with a female beside him. The taxi was parked. The officer’s curiosity was aroused because of the lady’s presence in the front, rather than the rear, of the car. He brought his car to a stop behind the taxi and approached the driver’s side of the taxi on foot. The driver exited the taxi from the driver’s side and the two met in the vicinity of the open cab door where the usual questions were *415 asked and answered. The officer, noting a bulge in the defendant’s coat pocket, “frisked” the defendant and found the revolver which is the basis for the arrest that followed.
The officer’s testimony was forthright and refreshingly objective. He did not brush the scene with overtones of malevolence ; he did not shade the defendant’s actions or those of his female companion with sinister purpose.
By this motion, the defendant seeks to extend the ‘1 taxi is a place of business ” principle, announced in People v. Santiago (74 Misc 2d 10 [1971]) and followed in People v. Anderson (74 Misc 2d 415 [1973]) to the instant situation where the weapon was on the person of the driver and the driver had exited from the vehicle. On the facts of this case, it should be so extended and I so hold.
Subdivision 2 of section 265.05 of the Penal Law places in proper perspective the seriousness of the crime of possession of a weapon in one’s home or place of business. By reducing it from a felony to a misdemeanor, the section ascribes a quasi-respectable intent to the possessor, suggesting that he keeps the weapon to protect himself and his property rather than to employ the same willfully to another’s disadvantage.
Considering the much-publicized, extra-hazardous nature of this one-man business, the wisdom of the Legislature in enacting subdivision 2 of section 265.05 readily is apparent and the efficacy of the Santiago and Anderson rulings is indisputable. On this reasoning, it is of no significance if the cab be fleet-owned, privately-owned, medallion, “ gypsy ” or otherwise.
Similarly, where the weapon is kept in the cash box as in Santiago or under the brake pedal, as in Anderson or on the driver’s person as here, is of no moment. If we are to ascribe a legitimate motive to its possession, where the possessor keeps it for convenience or happenstance is unimportant. Indeed, it might be safer for all concerned for the driver to keep it on his person.
What then if the cab driver emerges ‘ ‘ from his place of business ” still possessing the weapon? On the facts of this case, it matters not. Whether this defendant exited the taxi by choice, inadvertence, or conceivably, eagerness to co-operate with the officer’s directions, he should not be denied the statutory reduction. To hold otherwise would offer opportunities of reward to the calculating defendant who removes the gun before he leaves the taxi, vis-á-vis the naive or nervous defendant who neglects to do so.
*416 Accordingly, the defendant’s motion after hearing is granted to the extent that the defendant is held on the reduced charge of possession of a weapon as a misdemeanor (Penal Law, § 265.05, subd. 3.)