M. Marvin Berger, J.
Some years ago, the notorious Polly Adler, who operated several busy houses of prostitution, wrote a book describing in lurid detail her experiences as a madam. It was entitled: A House Is Not A Home.
The title aptly describes the argument of the defendant in his motion to dismiss the felony complaint in this case. He asserts that the word "home” is a term of wider application than the word "house” and thus he should be charged with a misdemeanor rather than a felony — possession of a loaded revolver. (The crime, normally a felony under section 265.02 of the Penal Law, is treated as a misdemeanor if possession of the weapon occurs in the defendant’s "home or place of business.”)
Defendant asserts that a liberal interpretation of "home”, would extend to a garbage can standing outside the house occupied by defendant.
Testimony at the hearing established that defendant lived in the upper story of the two-family house owned by his brother. He was charged with criminal mischief because he allegedly broke windows in his and his brother’s apartments. Defendant testified that he may have shattered some windows *675 to prevent asphyxiation from smoke which filled the apartment as he was removing his belongings. He asserted that his brother and sister-in-law had created the smoke in order to force him and his family to vacate the dwelling, and that they had used other means of making the apartment uninhabitable, such as shutting off the utilities.
In any event, the arresting officer testified that as the defendant was running from the rear to the side of the house, he both heard and saw him drop an object into an open, four-foot garbage can at the side of the house. The object was retrieved and found to be a loaded pistol.
Defendant argues tenaciously but, in the court’s judgment, mistakenly, that the word "home,” as used in the statute, not only covers the physical structure of a house, but the surrounding grounds, the backyard, pathways and lawn, and the appurtenances located in such peripheral area. "The garbage can in which the gun was found, was as much a part of the defendant’s residence as was the lawn on which it was perched” states the defendant in his memorandum of law.
The court is in accord with the general proposition that a house is not a home — but refuses to extend that doctrine. The court’s position might be summarized as follows: a house is not a home — but neither is a garbage pail.
The court can find no precedent covering the question as to what personalty, if any may justifiably be included under the word "home.”
A number of cases in this State deal indirectly with some aspect of the question.
Thus, in People v Childs (21 AD2d 809) the court reversed a conviction for first degree manslaughter on the ground that the trial court had committed reversible error in charging that self-defense had to be established by the defendant beyond a reasonable doubt. However, the appellate court said the charge, with respect to the defendant’s duty to retreat, was more favorable to the defendant than the charge to which he was entitled. The court had charged the jury that if it found a back porch, which opened onto a common hallway, leading to a number of apartments on the top floor of a building, was part of defendant’s home, he was not obliged to retreat.
The memorandum opinion read (p 810): "The latter [the back porch] was not part of the defendant’s home as a matter *676 of law (cf. People v Tomlins, 213 NY 240, 244; People v Sullivan, 7 NY 396).”
Perhaps the defendant relies on the definition of curtilage— the open space situated within a common enclosure belonging to a dwelling house and including the yard around the house and the area occupied by outbuildings — to bolster his claim as to the status of the garbage container (People v Muller, 71 Misc 2d 654; People v Terrell, 53 Misc 2d 32). But no case defining or explaining curtilage extends it to personal property on the premises.
The term "place of business” as used in section 265.02 of the Penal Law has been expanded to include such forms of personalty as a taxi: People v Santiago (74 Misc 2d 10), People v Anderson, (74 Misc 2d 415).
In People v Santana (77 Misc 2d 414), my learned colleague, Judge Anthony P. Savárese, ruled that the possession of a revolver on the person of a taxi driver as he emerged from his vehicle occurred at the driver’s place of business, and then reduced the chargé to a misdemeanor. He stated (p 415): "Subdivision 2 of section 265.05 of the Penal Law places in proper perspective the seriousness of the crime of possession of a weapon in one’s home or place of business. By reducing it from a felony to a misdemeanor, the section ascribes a quasi-respectable intent to the possessor, suggesting that he keeps the weapon to protect himself and his property rather than to employ the same willfully to another’s disadvantage * * * where the weapon is kept in the cash box as in Santiago or under the brake pedal, as in Anderson or on the driver’s person as here, is of no moment. If we are to ascribe a legitimate motive to its possession, where the possessor keeps it for convenience or happenstance is unimportant. Indeed, it might be safer for all concerned for the driver to keep it on his person.”
The need to define "home”, arises with some frequency in connection with construction of wills employing that term. Thus in Matter of Morgan (34 Misc 2d 279), Surrogate Di Falco construed a will, permitting the testator’s trustees to invade the principal of his residuary estate to enable his daughter to purchase or build "a home”, to cover the purchase of a co-operative apartment. He said (p 281):
"The following definitions of 'home’ are found in Webster’s New International Dictionary (2d ed, Unabridged, p. 1191): 'One’s own dwelling place; the habitual abode of one’s family; *677 the social unit formed by a family residing together in one dwelling; the influences or environment of such a home; an organized center of family life.’ Black’s Law Dictionary defines 'home’ as that place 'in which one in fact resides with the intention of residence’ (p 866).
"In holding that a hotel and not a room alone is a home, the court stated: 'A home is not a sleeping room alone; it includes the places where one eats, bathes, reads, visits and rests, where one throws off the cares of business and surrenders to his desire for creature comforts and human associations.’ (Matter of Jakeway v Bauer Co., 218 App Div 302, 304.) In considering the words 'any home of which I may die seized and the furnishings thereof it was held that they refer to the co-operative apartment owned by the decedent and which he had occupied with his wife and children. Surrogate Cox stated: 'This apartment was his home and the intent of the testator to give it to his wife is clear and unmistakable.’ (Matter of Rockwell, 26 Misc 2d 709, 711.)”
And in Matter of Marshall (22 Mise 2d 503) Surrogate Cropsey ruled that a bequest of "the contents of my said home”,, did not include money left in a safe in the home, but did cover a car kept in a garage on the premises. The court said (p 504): "It should be noted that the testator bequeathed to Jennie Hill the contents of his 'home’ at No. 28 Maple Street, Lyndonville, New York, rather than the contents of his 'house’. The distinction between these two words has been stated in the following language: 'One’s home is something more than the house in which he lives — it includes surrounding grounds, buildings such as garages, store houses and others used in connection with the occupancy of the property and many other things [according] to the wealth and fancy of the owner.’ (Matter of Hulse, 190 Mise 6, 8.) The home of the testator herein included the garage on his premises at 28 Maple Avenue, Lyndonville, New York.”
Conceivably, some appurtenances of a home might, under some circumstances be regarded as part of a dwelling. This is particularly true of appliances designed to receive and dispose of waste material, when they are affixed to the realty and thus can be classified as fixtures. See annotation in American Law Reports (2d series, vol 52, p 222) entitled Appliances, accessories, pipes or other articles connected with plumbing as fixtures.
However, the justification for regarding a person who keeps *678 a revolver in his home as a misdemeanant rather than a felon — the implication that he is motivated by concern for his person and property — fails, when the weapon is not found in the home. The lack of ready access to the weapon may be more consistent with a motive to conceal, than with the desire to protect one’s self or property from harm.
The defendant is held for the action of the Grand Jury.