140 N.J. Super. 363 (1976)
356 A.2d 399
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN MARQUES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 16, 1976.
Decided April 1, 1976.
*365 Before Judges MATTHEWS, LORA and MORGAN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Ms. Susan Slovak, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Robert J. Genatt, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was tried to a jury and found guilty of possession of less than 25 grams of marijuana, in violation of N.J.S.A. 24:21-19(a) (1), and the unlawful possession of a firearm on a college campus, in violation of N.J.S.A. 2A:151-41.1. His motions for a new trial and for arrest of judgment were denied, following which defendant was sentenced on the firearm offense to six months suspended, probation for three years and a $500 fine, and on the disorderly offense to six months suspended, probation for three years, concurrent, and a $100 fine.
Pursuant to R. 3:21-9 defendant moved for arrest of judgment with respect to the unlawful possession of a firearm charge on the ground that N.J.S.A. 2A:151-41.1 was unconstitutional and deprived him of due process and equal protection of the law. Defendant contends on appeal that the trial judge erred in denying his motion for arrest of judgment.
N.J.S.A. 2A:151-41.1 provides:
Any person other than those enumerated in section 2A:151-43 of the New Jersey Statutes, who carries, holds, or possesses on or about his clothes or person, or who keeps otherwise in his possession or control while on the premises of any public or private school, college or university, any firearm as defined in section 2A:151-1 of the New Jersey Statutes is guilty of a high misdemeanor.
Defendant argues that the word "premises" does not include on-campus dwellings, such as defendant's dormitory *366 room in which the firearm was found, and therefore the statute is not applicable in light of the circumstances of this case. He asserts that N.J.S.A. 2A:151-42(a), which provides that the prohibition against the possession of a firearm contained in N.J.S.A. 2A:151-41 does not prevent a person from keeping a firearm at his dwelling house, also modifies the prohibition of N.J.S.A. 2A:151-41.1. It is defendant's position that a reading of these sections of the statute in conjunction must result in a determination that a student is permitted to possess a firearm in the college dormitory room in which he resides. We disagree.
In interpreting the provisions of our Gun Control Law, N.J.S.A. 2A:151-1 et seq., the judicial function is to effectuate the legislative goal to the extent permitted by the legislative language, State v. Hatch, 64 N.J. 179, 186 (1973), the overriding philosophy of the Legislature being to limit the use of guns as much as possible. State v. Valentine, 124 N.J. Super. 425, 427 (App. Div. 1973).
N.J.S.A. 2A:151-41.1 was enacted in 1969, three years after the passage of the Gun Control Law which included the dwelling house exemption contained in N.J.S.A. 2A:151-42(a). Since the Legislature is presumed to be thoroughly conversant with its own legislation, Brewer v. Porch, 53 N.J. 167, 174 (1969), and in light of the legislative intent to restrict the possession of firearms, it is clear that the exemptions of N.J.S.A. 2A:151-42 are not applicable to educational facilities. This interpretation is strengthened by the fact that N.J.S.A. 2A:151-41.1 excludes from its prohibition those persons who hold offices enumerated in N.J.S.A. 2A:151-43 and the general rule of construction that enumerated exceptions in a statute indicates a legislative intent that the statute be applied to all cases not specifically excepted. State v. Reed, 34 N.J. 554, 558 (1961). Furthermore, it is no defense to a violation of N.J.S.A. 2A:151-41.1 that a defendant possesses a valid permit to carry a firearm unless the holder of such *367 permit has acquired written consent from the governing officer of the institution. N.J.S.A. 2A:151-41.2.
There is no merit to defendant's contention the statute is void for vagueness and deprives him of equal protection under the law in that the Legislature has created two classifications of home dwellers  those on and off campus  without a valid reason. The Legislature was concerned with the demonstrations and disturbances which frequented educational institutions in the sixties, and the elimination of firearms therefrom had a rational relationship to the prevention of violence and bloodshed. State v. Smith, 58 N.J. 202, 207 (1971).
Defendant next contends the trial judge erred in denying defendant's motion for a judgment of acquittal and in denying his motion for new trial because the gun seized did not constitute a firearm within the meaning of the statute. He asserts that all the components necessary to firing the gun were not within his control, i.e. he didn't have pellets or CO2 cartridges. Application of State v. Morgan, 121 N.J. Super. 217 (App. Div. 1972), to the facts of this case leads us to conclude the motions were properly denied.
Our review of the record satisfies us that the alleged failure of the trial judge to explicitly state the difference between actual and constructive possession, if error, was not capable of producing a verdict the jury might otherwise not have reached. State v. Macon, 57 N.J. 325, 336 (1971).
Lastly, defendant contends the judgment of conviction is invalid for failure to state the reasons for the imposition of the sentences. R. 3:21-5. However, at the time of sentencing the trial judge did state the reasons for the suspended sentences, fines and concurrent three-year probationary periods, in accordance with R. 3:21-4(e). Accordingly, the judgment is amended to include therein the reasons given by the trial judge for the sentences imposed  the absence of any prior criminal record, defendant's efforts to advance himself socially and academically, defendant might well have been punished substantially by his resultant *368 explusion from college, and the need for deterrence of defendant or others rather than rehabilitation, and as so amended the judgment of conviction is affirmed.