Jerome BERKLEY, Appellant,

v.

UNITED STATES, Appellee.

No. 10109.

District of Columbia Court of Appeals.

Argued June 22, 1976.

Decided Feb. 24, 1977.

Jeffrey Freund, Public Defender Service, Washington, D. C., for appellant. Douglas C. Dodge, Public Defender Service, Washington, D. C., was on the briefs. Frederick H. Weisberg, Public Defender Service, Washington, D. C., also entered an appearance for appellant.

Richard A. Graham, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Jeffrey T. Demerath, and Jonathan Lash, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before GALLAGHER, NEBEKER and MACK, Associate Judges.

PER CURIAM:

■ Appellant, a laboratory technician in the blood unit of a local hospital, was arrested at his place of employment for an offense for which he was ultimately found not guilty by a jury. At the time of his arrest, he had in his possession a loaded pistol for which he had no license. He was subsequently charged with a violation of D.C.Code 1973, § 22–3204, which provides, in pertinent part, that:

> No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed.

The case was presented to the trial judge on an agreed stipulation of facts and appellant's sole defense was a legal one, *i. e.*, that his conduct came within the "place of business" exception quoted above. The trial court found this argument unpersuasive, and we do likewise.

The "place of business" exception to this statute has been addressed in very few District of Columbia cases, none of which is dispositive. Thus one decision involving a violation at a place of employment is that of *Alexander v. United States*, 93 U.S.App. D.C. 240, 210 F.2d 727 (1954), in which the court merely held that it was error for a trial court not to have permitted the jury to decide whether a service station was the "place of business" of an employee who, while handling a pistol in off-duty status, shot a fellow employee.[1]

■ Pointing to the lack of case precedent in our jurisdiction, appellant contends that the holding of the trial court is not consistent with principles of statutory construction. We are in complete accord with appellant's argument that statutes are to be construed in a manner which assumes that Congress acted logically and rationally. *See, e. g., Rosado v. Wyman*, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); 2A Sutherland, Statutory Construction § 45.12

---

1. In *Roumel v. United States*, D.C.App., 261 A.2d 240 (1970), this court suggested that in circumstances where a defendant was part owner and likewise a resident of an apartment building, the building could reasonably be regarded as his place of business, and remanded for any requested litigation on the issue.

*See also United States v. Waters*, 73 F.Supp. 72 (D.D.C.1947), *cause certified*, 84 U.S.App. D.C. 127, 175 F.2d 340, *appeal dismissed*, 335 U.S. 869, 69 S.Ct. 168, 93 L.Ed. 413 (1948), in which the court decided that a taxicab was not an area falling within the exception since the statutory language compelled the view that the "place of business" referred to therein is land.

(4th ed. 1973). It is precisely for this reason that we cannot accept the rationale that he should have been acquitted. It is clear that Congress, in passing this statute, intended drastically to limit the possession of guns in the District of Columbia. *Cooke v. United States*, 107 U.S.App.D.C. 223, 275 F.2d 887 (1960). In doing so, it cannot be assumed that it intended, in a jurisdiction where there are countless numbers of employees reporting every day to governmental agencies, to write in an exception permitting every employee to carry a loaded pistol while working.

We likewise are in accord with appellant's reasoning that terms not defined in a statute should be construed consistently with common understanding. *Lukens Steel Co. v. Perkins*, 70 App.D.C. 354, 107 F.2d 627 (1939), *rev'd on other grounds*, 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940). The common understanding of "place of business" read in context with "dwelling house" or "other land possessed" is one of a protectible possessory interest.

We have examined the cases arising in other jurisdictions[2] and we are convinced that the reasoning of our trial court is sound—that the exception is applicable only to those who have a controlling, proprietary or possessory interest in the business premises in question. Since it is conceded that appellant had no such interest in the hospital's blood unit, the conviction is

*Affirmed.*

---

2. *E. g., Peoples v. State*, 287 So.2d 63 (Fla. 1973); *People v. Clark*, 21 Mich.App. 712, 176 N.W.2d 427 (1970); *State v. Valentine*, 124 N.J.Super. 425, 307 A.2d 617 (1973); *People v.* Francis, 45 A.D.2d 431, 358 N.Y.S.2d 148 (1974), *aff'd on other grounds*, 38 N.Y.2d 150, 379 N.Y.S.2d 21, 341 N.E.2d 540 (1975); *Flores v. State*, 486 S.W.2d 577 (Tex.Crim.App.1972).