**Benjamin F. BILLINGER, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 80–358.

District of Columbia Court of Appeals.

Submitted Nov. 5, 1980.

Decided Jan. 13, 1981.

Dennis M. Hart, Washington, D. C., appointed by the court, was on brief, for appellant.

Charles F. C. Ruff, U. S. Atty., John A. Terry, John R. Fisher and A. Carlos Correa, Asst. U. S. Attys., Washington, D. C., were on brief, for appellee.

Before HARRIS, MACK, and PRYOR, Associate Judges.

PRYOR, Associate Judge:

While driving a van from which he operated a street vendor business, appellant was stopped by police for infraction of a traffic regulation. During the course of the encounter, the officer observed and seized a pistol and ammunition from within the vehicle. As a result, appellant was charged with the offenses of carrying a pistol without a license, D.C.Code 1973, § 22–3204, and possession of an unregistered firearm and ammunition, D.C.Code 1978 Supp., §§ 6–1811(a), –1861(c). At the close of the government's evidence in a trial by jury, appellant waived the jury, entered into a stipulation of the facts and was ultimately found guilty.

On appeal, appellant challenges the trial court's refusal to permit him to introduce evidence to support his defense that the vending van was his "place of business" within the meaning of D.C.Code 1973, § 22–3204. Having reviewed the language of the statute, the legislative history, and case precedent, we are satisfied that the trial court did not err in excluding the evidence, for we hold, as a matter of law, that the "place of business" exception is not available to appellant in the circumstances presented.

We are concerned with a statute which provides in pertinent part:

§ 22–3204. Carrying concealed weapons.

No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being concealed.

The statute does not purport to define "place of business"; nor is there any District of Columbia decision which is dispositive of the question. In previous cases, we examined the language and history of the statute and concluded that certain employ-

ees could not claim the "place of business" exception. In *Scott v. United States*, D.C. App., 392 A.2d 4 (1978), an employee, not the owner of a used car lot, sought to claim exemption from prosecution in a circumstance where he carried a gun on a part of the premises where vehicles were displayed. Similarly, in *Berkley v. United States*, D.C. App., 370 A.2d 1331 (1977), the defense was raised where the accused was apprehended carrying a pistol at a hospital where he was employed as a laboratory technician. In both cases we held that the exception could not extend to managers or other employees unless they had a proprietary or possessory interest in the business. We concluded that "place of business" read in context with "dwelling house" or "other land possessed" must be one of a protectible possessory interest. *Id.* at 1333; *see also Roumel v. United States*, D.C.App., 261 A.2d 240 (1970).

When Congress promulgated this and related enactments, it confronted menacing statistics which reflected substantial injury and loss of life attributable to the unlawful use of firearms in the District of Columbia. In an effort to curtail the flow of arms on the public streets, and thereby reduce the number of resultant injuries and deaths, the law was enacted. *See Cooke v. United States*, 107 U.S.App.D.C. 223, 225 n.3, 275 F.2d 887, 889 n.3 (1960); *see also* S.Rep.No. 575, 75th Cong., 1st Sess. 1 (1932). Modeled after the Uniform Firearms Act drafted by the National Conference of Commissioners on Uniform State Laws, and approved by the American Bar Association, the District's firearms control law sought to strike a balance between severely restricting the flow and use of guns on the streets, and the traditional right of citizens to have arms in their homes and on other land belonging to them. *See* 75 Cong.Rec. 12754 (1932).

To strike this balance, the "dwelling house, place of business, and other land possessed" exception was made to the general prohibition. These exceptions relate to particular localities appropriated exclusively to the owner, and not to ambulatory places. That this is so becomes more apparent if we look at the language of the Uniform Firearms Act upon which the local statute is modeled. It provides in pertinent part:

> No person shall carry a pistol in any vehicle or concealed on or about his person without a license, except in his residence *or fixed place of business*, or when the pistol is being carried unloaded and securely wrapped for purposes of legitimate transfer or repair. (Emphasis supplied).

Although the language of our statute is not identical to the Uniform Act, it seems clear that Congress sought to achieve the same end by the same means. S.Rep.No. 575, *supra*.

Interpreting the local act many years ago, the federal trial court for the District of Columbia found that the place of business exception refers to land:

> The words "other land possessed by him" which immediately follow the words "place of business" compel the view that the place of business referred to is land. Any interpretation to the contrary would give the word "other" as applied to the word "land" no significance whatever. [*United States v. Waters*, 73 F.Supp. 72, 73 (D.D.C.1947), *cause certified*, 84 U.S. App.D.C. 127, 175 F.2d 340, *appeal dismissed*, 335 U.S. 869, 69 S.Ct. 168, 93 L.Ed.2d 413 (1948).]

The Court of Appeals in Michigan adopted the *Waters* reasoning in interpreting its concealed weapons statute, which is identical to § 22–3204 in pertinent part. *People v. Brooks*, 87 Mich.App. 515, 275 N.W.2d 26 (1979). The Michigan court found, as did the *Waters* court, that a taxicab is not a place of business as the term is used in the statute.

Appellant suggests that *Waters* should be rejected, particularly in light of the current

growth of sidewalk and mobile businesses.*
To the contrary, we think the *Waters* decision represents a sound approach. We are persuaded that the rationale advanced, coupled with the legislative history of the District's firearm control laws, reflects a legislative intent to exempt from the general prohibition those instances of firearm possession which are linked to a possessory interest in real property, such as dwelling, other land or place of business. Congress did not intend that ambulatory businesses such as mobile vans or taxicabs should be deemed an exception to the statute. To rule otherwise would defeat the acknowledged purpose of the law and give impetus to the increased possession of firearms on the city's streets.

Accordingly, we conclude that the ruling of the trial court, that the vending van was not a "place of business" within the meaning of the statute was not error.

*Affirmed.*

---

* In support of his position, appellant cites three New York City cases, *People v. Santana,* 77 Misc.2d 414, 354 N.Y.S.2d 387 (1974); *People v. Anderson,* 74 Misc.2d 415, 344 N.Y.S.2d 15 (1973); and *People v. Santiago,* 74 Misc.2d 10, 343 N.Y.S.2d 805 (1971), in which the courts found that where guns were seized from taxicabs, possession took place within the driver's place of business within the meaning of N.Y. Penal Code § 265.05(2) (1965) which provides that possession of firearms shall not constitute a felony but rather, a misdemeanor, if it takes place in a person's place of business. We find these cases instructional. However, we note that the language of the New York statute is substantially different from that used in § 22–3204. "Place of business" is not couched between "dwelling house" and "other land possessed by him." We find this distinction to be critical, for our conclusion is based in large measure, on the language of the Act itself. Moreover, the New York statute still makes possession unlawful; the subject language relates only to the degree of the offense.