OPINION OF THE COURT
Felice K Shea, J.
The question presented by defendant’s motion to dismiss the indictment against him is whether, at a time when his driver’s license was suspended, defendant was a “duly licensed” operator of an automobile for hire within the exceptions to subdivision 1 of section 220.25 and subdivision 3 of section 265.15 of the Penal Law and thus exempt from the statutory presumptions governing possession of controlled substances and weapons found in an automobile.
Defendant was indicted for criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree. He was arrested on July 5, 1981 for possession of a loaded .38 caliber revolver and more than four ounces of heroin, both allegedly recovered by the police from the rear floor of the car defendant *464 was driving. Defendant had no permit to carry a gun. The People do not dispute that he was employed by a commercial car service as a taxi and limousine driver and was driving his employer’s vehicle for hire when he was arrested.[1] The status of defendant’s driver’s license is unclear,[2] but for purposes of this motion, the court assumes that at the time of his arrest, defendant’s chauffeur’s license had been temporarily suspended by the New York State Department of Motor Vehicles for outstanding traffic tickets.
Subdivision 1 of section 220.25 of the Penal Law states, in pertinent part: “The presence of a controlled substance in an automobile * * * is presumptive evidence of knowing possession thereof by each and every person in the automobile at the time such controlled substance was found; except that such presumption does not apply (a) to a duly licensed operator of an automobile who is at the time operating it for hire in the lawful and proper pursuit of his trade”.
Subdivision 3 of section 265.15 of the Penal Law states, in pertinent part: “The presence in an automobile * * * of any firearm * * '* is presumptive evidence of its possession by all persons occupying such automobile at the time such weapon * * * is found, except under the following circumstances: * * * (b) if such weapon * * * is found in an automobile which is being operated for hire by a duly licensed driver in the due, lawful and proper pursuit of his trade, then such presumption shall not apply to the driver”.
*465 The issue to be determined is whether defendant was a “duly licensed” operator or driver within the meaning of the above statutory provisions. Defendant asserts that since his license was never revoked, and at worst, his license was suspended in error, he is entitled to the benefit of the exceptions to the presumptions of possession. He also argues that a comparison of the penalty for driving with a suspended license to the much larger penalties for the crimes charged[3] indicates that the Legislature did not intend the presumptions to cover a driver in his situation. If this view of the statutory language is correct, then the indictment must fall since the Grand Jury was instructed that it could apply the presumptions.
The People argue that the exceptions should be read narrowly, and that since defendant’s chauffeur’s license had been suspended at the time of the incident, he was not “duly licensed” and therefore not exempt from operation of the statutory presumptions. The People contend that the Grand Jury was properly instructed that the presumptions could be applied.
It is well established that when the meaning of a statute is evident on its face, a court need not look to other means of interpretation. (Matter of Shannon v Introne, 80 AD2d 834, 835, affd 53 NY2d 929.) However, the term “duly licensed”, when related to the facts at bar, is not so clear and unambiguous as to preclude resort to interpretation. Moreover, “[t]he uncertainty of sense in a statute, which warrants the application to it of the principles of construction does not originate in uncertainty of expression alone, but may proceed also from the uncertainty caused by an unjust or unreasonable application”. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 76, p 172; accord Matter of New York Post Corp. v Leibowitz, 2 NY2d 677, 685-686; Matter of Martinez v Ficano, 28 AD2d 215, 218.)
No legislative history has been uncovered that bears directly on whether a driver whose license has been tempo *466 rarily suspended is “duly licensed” so as to come within the exemptions to the presumption statutes. Nor, apparently, is there any precedent to instruct the court. Guidance may be found in an examination of the purpose of presumptions and of the particular presumptions sought to be applied to defendant.
A noted commentator has called “presumption” the “slipperiest member of the family of legal terms, except its first cousin, ‘burden of proof’ ”. (McCormick, Evidence [2d ed, 1972], § 342, pp 802-803.) For this inquiry, it is not necessary to delve deeply into the ambiguities and esotérica of presumptions. It is sufficient to note that historically, a présumption was defined as “requiring] that a particular inference must be drawn from an ascertained state of facts.” (Platt v Elias, 186 NY 374, 379.) More recent authorities use the term presumption for an assumption that the finder of fact is permitted to make as well as for one the jury or court is compelled to make. (See Fisch, New York Evidence [2d ed, 1977], § 1121.) Section 220.25 (subd 1, par [a]) and section 265.15 (subd 3, par [b]) of the Penal Law create statutory presumptions of the permissive variety.
A presumption may be justified in a number of ways. It may be formulated to redress an imbalance in access to proof; for convenience; because it accords with judicial or legislative estimates of probability; or for a combination of reasons. (See, generally, McCormick, Evidence, § 343.) The statutory presumption making a firearm found in an automobile presumptive evidence of possession by all occupants of the automobile was characterized in People v Logan (94 NYS2d 681, 683), as a “rule of necessity”. “The purpose sought to be achieved * * * is plain * * * [T]he Legislature intended * * * to supply a procedural implementation for the more efficient enforcement of * * * the Penal Law * * * Prior to * * * [enactment of the statutory presumption] it was often found impossible to obtain convictions against occupants of automobiles in which a proscribed weapon was discovered. The difficulty which was thus encountered was born of the inability, under such circumstances, to fasten the onus of possession directly upon any one of the particular individuals then present in the car.” (See, also, People ex rel. De Feo v Warden, 136 Misc 836.) The same *467 rationale would lie behind the presumption of narcotics possession by all occupants of an automobile.
The presumption in subdivision 3 of section 265.15 of the Penal Law arising from presence in an automobile in which a weapon is found has been the law in New York since 1936[4] and has survived constitutional challenge. (People v Russo, 278 App Div 98, affd 303 NY 673; see, also, Ulster County Ct. v Allen, 442 US 140.) The presumption in section 220.25 (subd 1, par [a]) of the Penal Law that occupants of a motor vehicle that contains narcotic drugs are all knowing possessors has been on New York’s statute books since 1952[5] and has also been found constitutional. (Bellavia v Fogg, 613 F2d 369; People v Leyva, 38 NY2d 160.) Generally, the test of the constitutionality of a permissive statutory presumption applied against a criminal defendant is one of “rational connection”, “a statutory presumption cannot be sustained if there be no rational connection between the fact proved and the ultimate fact presumed, if the inference of the one from proof of the other is arbitrary because of lack of connection between the two in common experience.” (Tot v United States, 319 US 463, 467-468; accord Leary v United States, 395 US 6, 36; People v Leyva, supra; People v Terra, 303 NY 332, 335, app dsmd 342 US 938.)
Although the automobile presumptions at bar have been upheld as constitutional, it is well to keep in mind that the application of presumptions in a criminal trial has potentially grave consequences. A permissible inference may fill a gap in the People’s proof and permit a conviction where none could have been obtained without it. A presumption may impel a defendant to testify in rebuttal and impinge on his constitutional right to remain silent. These policy considerations argue against expanding the ambit of statutory presumptions in a criminal case and in favor of giving full force to statutory exclusions.
It must be assumed that the Legislature had in mind the “rational connection” test when it promulgated the excep *468 tions to the presumption statutes.[6] A duly licensed driver for hire operates a vehicle not necessarily owned by him, not accessible exclusively to him, and used by passengers who ordinarily are strangers to him. The Legislature soundly concluded that there was no reasonable basis in life’s experiences for presuming that a duly licensed driver for hire would be in knowing possession of contraband found in his vehicle. The temporary suspension of the license of a driver who had been and shortly would be again a driver in good standing does not, in the court’s view, add a reasonable basis for the presumption. In other words, from the proven fact of contraband in the vehicle, it cannot reasonably be presumed that a duly licensed driver for hire whose license had been temporarily suspended was aware of the contraband and culpably involved in its possession. Without the necessary “rational connection”, the presumptions, as applied to defendant, would deprive him of his right to due process of law and would be unconstitutional. (See Leary v United States, supra; Tot v United States, supra.) Since it is axiomatic that a statute must be given an interpretation that sustains it, the term “duly licensed” operator or driver should be construed to include defendant under the facts and circumstances before the court.
The court finds that defendant was a duly licensed operator or driver within the purview of the exceptions to the presumptions. Accordingly, the presumptions are not applicable and the indictment, based on erroneous legal instructions, must be dismissed. However, the People may seek to establish that defendant actually or constructively possessed the contraband, apart from the presumptions, and they are entitled to present the case to a new Grand Jury.
Defendant’s motion to dismiss Indictment No. 5437/81 is granted and the indictment is hereby dismissed without prejudice to the People’s right to resubmit charges and appropriate instructions to another Grand Jury within 10 *469 days of filing of this order. The Assistant District Attorney is directed to notify defense counsel of the date, if any, of resubmission.

. If defendant’s cab were to be considered his place of business, he would be within the exception set forth in subdivision (4) of section 265.02 of the Penal Law and the charge of criminal possession of a weapon in the third degree would be improperly brought against him. (See People v Santana, 77 Misc 2d 414; People v Anderson, 74 Misc 2d 415; People v Santiago, 74 Misc 2d 10; but see People v Levine, 42 AD2d 769, discussed in People v Francis, 45 AD2d 431, 433.)

. Defendant had been issued a chauffeur’s license valid until January 31, 1983. According to records submitted to the court, defendant received five summonses for traffic violations prior to July 5, 1981 — one on February 3, 1978, one on November 24, 1980 and three on December 1, 1980. He was sent five “Driver License Suspension Orders” notifying him that his license would be suspended effective at a date in the future. Hearings were rescheduled and according to defendant, all charges were ultimately dismissed or he was found not guilty. According to the People, defendant was found guilty on one of the tickets and was ordered to pay a fine which allegedly he failed to do until after the date of his arrest.

. The Legislature has made driving while one’s license is suspended a misdemeanor punishable by fine of up to $100 or imprisonment for up to 30 days for a first offense. (Vehicle and Traffic Law, § 511.) The maximum penalties for conviction of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree are 25 years to life and 2Vs to 7 years, respectively.

. L 1936, ch 390.

. L 1952, ch 414, § 1.

. In the Interim Report of the Temporary State Commission to Evaluate the Drug Laws (Penal Law, § 220.25; NY Legis Doc 1972, No. 10, pp 69-70) the test is highlighted.